IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SHERRI R. ROBERTS, aka SHERRI ROBERTS,<br><br>Plaintiff,<br><br>vs.<br><br>LAME DEER PUBLIC SCHOOLS, DISTRICT NO. 6; DANIEL W. LANTIS, and JUDY ROSS,<br><br>Defendants. | Case No. CV-12-83-BLG-RFC<br><br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (DOCS. 7 & 10) |

**I.    INTRODUCTION**

Plaintiff Sherri R. Roberts brings this action against her former employer, the Lame Deer Public School District No. 6, as well as Daniel W. Lantis, the school Superintendent, and Judy Ross, the Clerk of the School District. Roberts brings claims for violation of her rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, for wrongful discharge pursuant to Montana's Wrongful Discharge From Employment Act ("WDEA"), Mont. Code Ann. § 39-2-901 et seq., and for slander. All claims arise out of her termination as the Lame Deer Vo-Ag teacher in the Fall of 2009. Pending before the Court are Rule 12(b)(6) motions seeking dismissal of the individual Defendants and the WDEA claim. For

the following reasons, the motions must be granted.

## II.   ANALYSIS

A claim is subject to dismissal under Rule 12(b)(6) Fed.R.Civ.P. if it lacks a cognizable legal theory or sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare System, LP,* 534 F.3d 1116, 1122 (9th Cir. 2008). With regard to the latter, a claim must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a Rule 12(b)(6) motion, courts must accept as true a complaint's well-pleaded allegations of material fact and construe them in the light most favorable to the non-moving party. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).

As an initial matter, the School District initially argued it should be dismissed because it was ineffectively served. Doc. 8, pp. 3-5. But Roberts has since properly served the School District and the School District has withdrawn its argument for dismissal for insufficient service of process. Doc. 17, p. 1.

Second, Roberts concedes that her claim under Montana's Wrongful Discharge From Employment Act claim must be dismissed pursuant to Mont.

Code Ann. § 39-2-912(2) because she was "an employee covered by a written collective bargaining agreement …" Doc. 16, p. 2.  Roberts claims her WDEA claim was included to put Defendants on notice that she will seek wrongful discharge damages as part of her § 1983 claims for denial of substantive and procedural due process.  She further asserts she does not object to the dismissal of the WDEA claim so long as she can receive wrongful discharge damages through her § 1983 civil rights claim.  Notwithstanding the caveat to Roberts's concession, the WDEA claim must be dismissed because it is apparent from the face of the Complaint that the WDEA's one-year statute of limitations passed long before this suit was filed.  Mont. Code Ann. § 39-2-911.  Moreover, although the two types of claims award the successful plaintiff different types of damages[1], there are a wide range of damages available to successful § 1983 plaintiffs, including compensatory damages for losses proximately caused and damages for emotional distress.

Finally, Plaintiff also agrees that Lantis and Ross may be dismissed from this action pursuant to Mont. Code Ann. § 2-9-305(5) if the School District agrees that both Lantis and Ross were acting within the scope of their employment when

---

[1] The WDEA provides for up to four years lost wages and fringe benefits and expressly excludes damages for pain and suffering, Mont. Code Ann. § 39-2-905, whereas § 1983 damages are akin to general tort damages intended to compensate the plaintiff for injury caused by the defendant and include compensation for out-of-pocket loss, as well as damage to reputation and emotional distress, *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 305-06 (1986).

they suspended Roberts. Doc. 16, p. 3. Since the School District does agree they were acting in the course and scope of their employment and has voted to provide them with a defense and indemnification, doc. 17, pp. 4-5, they must be dismissed.

Having so concluded, the Court need not consider whether Lantis and Ross are also shielded by qualified immunity or whether Roberts states plausible § 1983 and slander claims against them.

### IV.   ORDER

For those reasons, **IT IS HEREBY ORDERED** that the motions to dismiss (docs. 7 and 10) are **GRANTED**: Plaintiffs Second Cause of Action, alleging wrongful discharge, is **DISMISSED**, as are all claims against Defendants Daniel W. Lantis and Judy Ross. The only claims remaining in this case are Plaintiff's First and Third Causes of Action against Defendant Lame Deer Public Schools, District No. 6.

Dated this 20th day of November, 2012.

>                               */s/ Richard F. Cebull*_____
>                               Richard F. Cebull
>                               United States District Judge